**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4223**

───────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

ROBERTO VERA-ROCHA,

                Defendant – Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:07-cr-00024-F-1)

───────────

Submitted:  January 30, 2009      Decided:  March 5, 2009

───────────

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Sol Z. Rosen, Washington, D.C., for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Vera-Rocha pleaded guilty to one count of illegally reentering the United States after having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Vera-Rocha to thirty-seven months' imprisonment, and Vera-Rocha timely noted his appeal. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).[*] We affirm the judgment of the district court.

We have reviewed the record and determine that the district court complied with Fed. R. Crim. P. 11 in accepting Vera-Rocha's guilty plea and determined his plea was knowing and voluntary. The district court informed Vera-Rocha of his right to plead not guilty, to have his case tried by a jury, to have the assistance of counsel during a trial, to challenge any evidence offered by the Government, to not testify, and to present evidence and compel the presence of witnesses. The district court addressed Vera-Rocha personally and informed him that he would be subject to a charge of perjury if he testified falsely during his hearing. The district court also informed Vera-Rocha of the maximum possible penalties for the charge to

---

[*]Vera-Rocha was informed of his right to file a pro se supplemental brief. He has not filed a brief.

which he was pleading guilty and determined that Vera-Rocha was pleading guilty freely and voluntarily. Accordingly, the record reflects the district court complied with Rule 11 in accepting Vera-Rocha's guilty plea.

Additionally, Vera-Rocha's sentence was reasonable. Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006), and determine an appropriate sentence.

Appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range. Gall, 128 S. Ct. at 597.

If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence.

3

Id. A substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range. Pauley, 511 F.3d at 473 (quotations and citation omitted). Even if the reviewing court would have reached a different sentencing result on its own, this fact alone is insufficient to justify reversal of the district court. Id. at 474. Our review of the record leads us to conclude that the district court committed no procedural error in determining Vera-Rocha's sentence.

Additionally, Vera-Rocha's sentence was substantively reasonable. Vera-Rocha's sentence of thirty-seven months' imprisonment fell within his advisory Guidelines range and the statutory maximum. This court may presume a sentence within an advisory Guidelines range is reasonable. Rita v. United States, 127 S. Ct. 2456, 2459 (2007). There is nothing in the record to rebut that presumption of reasonableness in this case. Accordingly, Vera-Rocha's sentence was reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Vera-Rocha's conviction and sentence. This court requires that counsel inform Vera-Rocha, in writing, of the right to petition the Supreme Court of the United States for further review. If Vera-Rocha requests that a petition be filed, but counsel believes that such a petition would be

4

frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vera-Rocha.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED